IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

RALPH GRANT,                                              Civil Action No.

    Plaintiff,

v.

ERICKSON AND RALPH, INC., d/b/a
RALPH'S HOME SALES

    Defendants,

## COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Complaint for unpaid wages against the above listed Defendant.

### STATEMENT OF THE CASE

1. Defendant Erickson and Ralph, Inc. d/b/a Ralph Home Sales ("Ralph's Homes") formerly employed Plaintiff Ralph Grant from approximately July of 1985 through November 2016.

2. Grant was employed by Defendant as a salesman, selling modular and manufactured homes.

3. Over the course of his employment with Defendant, Grant cultivated many clients who purchased homes from the Defendant.

4. Grant received both commissions based on his sale of homes and received an hourly wage from Defendant.

5. At the time of his termination, many of Grant's clients had recently completed their purchase of a home or were in the process of purchasing a home.

1

6. Defendant Ralph's Homes improperly withheld commissions from Grant both throughout the course of his employment and after his termination.

7. During the entirety of Grant's employment with the Defendant, he routinely worked in excess of forty (40) hours per week and was not paid at the proper overtime rate.

8. Defendant Ralph's Homes violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 664, and 670.

9. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising out of the laws of Maine, pursuant to 13 U.S.C. § 1367.

10. The Defendant's violations of the FLSA and Maine's wage laws were willful and deliberate.

11. Grant seeks compensation for the Defendants' violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

12. Plaintiff Ralph Grant is a resident of Lincoln County, Maine.

13. Defendant Ralph's Homes is Maine corporation with principal address of 868 Atlantic Highway, Waldoboro, Maine 04572.

14. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

15. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

## FACTS

17. Defendant Ralph's Homes, through salesmen like Grant, sells manufactured and modular homes all over Maine.

18. Defendant Ralph's Homes contracts with multiple out of state wholesalers and builders to sell manufactured and modular homes in Maine.

19. Defendant Ralph's Homes has over $500,000 in gross receipts per year.

## GRANT'S EMPLOYMENT

20. Grant became employed with Ralph's Homes in 1985.

21. Grant was employed as a salesman, finding and managing clients through the process of purchasing manufactured and modular homes.

22. In most instances, Grant's role as a salesman would require him to show the home to a client, decide on many basic amenities and details for the home chosen by the client. In almost every occasion, Grant would have completed his role as "salesman" for the sale of a home before the sale was handed off to Defendant's office staff for routine technical work.

23. Grant was required to personally visit sites where homes were being built or installed as part of his continuing client relations.

24. Grant routinely worked more than forty (40) hours per week, but was not paid at the proper rate of time and a half of his base rate for all hours over forty (40).

25. The vast majority of Grant's work hours were completed in Defendant's office.

26. Grant was paid on both a salary and commission basis for much of his career with Ralph's Homes.

### RALPH'S HOMES' DEDUCTIONS FROM GRANT'S COMMISSIONS

27. Ralph's Homes most recent commission policy, dated September 1, 2011, states:

No weekly wages – that means that all wages paid during the month will be deducted from commissions. You will still receive a weekly check. It will be deducted from your commissions at the end of the month.

Commission structure:
 15%   Up to $100,000 net
 18%   $100,001 to $250,000 net
 20%   $250,001 up

28. By its own terms, Ralph's Homes' commission structure required commissions to be calculated based on the net profit of a each individual sale, and did not permit individual commissions to "go negative" and thereby reduce Grant's commissions on other sales.

29. Nevertheless, Ralph's Homes calculated Grant's commissions such that deductions Grant had no control over were routinely taken from an individual sale's net profit, in many cases making the sale's net profit negative. Ralph's Homes would then take the percentage commission Grant would typically receive from a sale from the negative net profit and deduct that amount from Grant's total monthly paycheck.

30. In addition, Ralph's Homes routinely improperly calculated Grant's commissions by, among other things:

 a. inflating contractor bills;

 b. failing to take into account profit / payment received in the form of trade; and

 c. failing to take into account for manufacturer rebates.

31. These improper calculations had the ultimate effect of reducing the purported net profit on each sale, thereby depriving Grant's of the entirety of his earned commissions.

## GRANT'S TERMINATION

32. Grant was terminated by the Defendants in approximately November 2016.

33. At the time of Grant's termination, he was in the process of completing sales for approximately thirteen clients, eight of which were substantially completed at the time Grant was terminated.

34. Upon his termination, Defendant Ralph's Homes refused to pay Grant the entirety of his regular commission on these sales despite having completed his tasks as a salesman.

## DEFENDANTS FAILS TO CORRECT THEIR FAILURE TO PAY

35. Grant, through counsel, demanded all unpaid wages and his employment files by certified letter dated August 8, 2017, which was delivered to Defendant Ralph's Homes on August 12, 2017.

36. Defendant has refused to correct its failure to pay Grant notwithstanding the receipt of complaints.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF MAINE WAGE PAYMENT LAW

37. Plaintiff Grant incorporates all previous paragraphs.

38. Defendant employed Plaintiff Grant as a salesman.

39. Defendant repeatedly failed to pay Plaintiff Grant all overtime wages and commissions due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

40. Defendant failed to pay all wages and commissions due Plaintiff Grant on payday as required under 26 M.R.S. § 621-A.

41. After leaving employment, Plaintiff Grant demanded payment of the late and unpaid wages, including commissions, in compliance with 26 M.R.S. §§ 626 and 626-A. Defendant indisputably owed Plaintiff Grant payment of all wages due.

42. Defendant failed to pay Plaintiff Grant within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:
## BREACH OF MAINE OVERTIME LAW

43. Plaintiff Grant incorporates all previous paragraphs.

44. Defendant employed Plaintiff Grant under 26 M.R.S. §663.

45. Defendant failed to pay Plaintiff Grant all overtime wages due under 26 M.R.S. § 664 by failing to pay him for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

46. Accordingly, under 26 M.R.S. §670 the Defendant is liable to Plaintiff Grant for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:
## BREACH OF THE FAIR LABOR STANDARDS ACT OVERTIME WAGE REQUIREMENTS
## 28 U.S.C. §§ 201 *et seq.*

47. Plaintiff Grant incorporates all previous paragraphs.

48. During all times relevant to this action, Plaintiff Grant was employed by Defendant as defined by 29 U.S.C. § 203(g).

49. Defendant failed to pay Plaintiff Grant for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

50. During all times relevant to this action, Plaintiff Grant was employed by Defendant in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

51. Upon information and belief, Defendant had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff Grant, who handled and worked on materials which had been moved in interstate commerce.

52. Defendant failed to pay Plaintiff Grant all overtime wages due at the proper overtime rate for all hours worked in excess of forty (40) hours in a given week, as is required by the FLSA.

53. Plaintiff Grant is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff Grant demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages, including commissions, pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorneys' fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

    d.  Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

    e.  Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

    f.  Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

    g.  Granting such other relief as this Court deems just and proper.

Dated: August 13, 2018

    Respectfully Submitted,

    /s/ Peter Mancuso
Peter Mancuso, Esq.

Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiff*